IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND

IN RE:

ELIZABETH PIRZCHALSKI                    CASE NO. 18-23159 YJC

     DEBTOR                                     CHAPTER 13

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

INDEPENDENT MORTGAGE COMPANY, INC

     Movant

v.

ELIZABETH PIRZCHALSKI

     Debtor

STEVEN C. PIRZCHALSKI

     Co-Debtor

ROBERT S. THOMAS, II

     Chapter 13 Trustee

     Respondents

## RESPONSE TO MOTION FOR RELIEF FROM AUTOMATIC STAY

NOW COMES, Co-Debtor, Steven C. Pirzchalsk, files this Response to Motion For

Relief from Automatic Stay in the above referenced matter, and in support thereof,

state as follows:

1

1. As to paragraph 1: Admit

2. As to paragraph 2: Cannot Admit or Deny

3. As to paragraph 3 and paragraph 4: Admit

4. As to paragraph 5: Deny.

5. As to paragraph 6: Admit

6. As to paragraph 7: Cannot Admit or Deny.

7. As to paragraph 8: Deny. Movant statements are not accurate. Additionally, Movant uses old dated material (Exhibit 3) in his pleadings. Attached Co-debtor's Exhibit 6 dated July 3, 2019, sent by Movant shows a mortgage payoff of $65,999.36. Co-debtor's Exhibit 6 provided by Movant is also not accurate and does not reflect all $97,000.00 paid towards the mortgage note at issue.

8. As to paragraph 9: Admit.

9. As to paragraph 10: Cannot Admit or Deny.

10. As to paragraph 11: Deny. The Trustee has paid over $19,000 and the Co-debtor has paid $77,224.01 towards (Exhibits 1 through 5) the $75,000 mortgage note dated May 29, 2015. Combined $97,000 approximately has been paid towards this $75,000.00 mortgage note.

11. As to paragraph 12: Cannot Admit or Deny.

12. As to paragraph 13: Deny. There are no pre-petition arrears. This mortgage note is not part of the bankruptcy plan or case. Additionally, the information on Movant's Exhibit 4 is inaccurate.

13. As to paragraph 14: Deny. There are no post-petition arrears. This mortgage note lies outside the bankruptcy plan and case. Additionally, the information on Movant's Exhibit 5 is inaccurate.

14. As to paragraph 15: Admit.

15. As to paragraph 16: Cannot Admit or Deny.

16. As to paragraph 17 and 18: Deny. The value of the property currently is between $200,000 and $250,000. There is a large equity cushion on behalf of the co-debtor.

Additionally, Co-Debtor states the following:

1.   The Debtor and Co-Debtor have tried since January 2017 to get an accounting and payoff from Movant (Co-Debtor's Exhibit 7).

2.   Movant has ignored repeated requests from officers inside and outside of the Bankruptcy Court to give accurate accounting, escrow information, and payoff information to the harm of the Debtor and Co-Debtor.

3.   Movant's use of withholding a large sum for an escrow from the mortgage payment, without ever applying funds from the escrow account until this past year was fraudulent.

4.   Movant has refused to provide any monthly payment statements for the past three years approximately.

5.   Movant has filed pleadings that are knowingly inaccurate and has resulted in costly legal fees for the Co-Debtor.

WHEREFORE, THE CO-DEBTOR prays that this Court enter an Order:

a:  Deny the Motion to Lift Automatic Stay;

b:  Order an accurate accounting showing all monies paid to the Movant by Trustee and Co-Debtor, and the correct application of payments as to interest and principal and escrow;

c: Order an Escrow Analysis and apply those monies to the mortgage principal;

d: Order a mediation session to determine an accurate payoff for this mortgage note;

e: Grant any such further relief as deemed necessary, including legal fees;


Respectfully submitted,

Steven C. Pirzchalski, pro se          2/6/20

Co-Debtor
Steven C. Pirzchalski
237 Grindall Street
Baltimore, MD 21230
(410)-991-8250

## **Certificate of Service**

I Hereby Certify that a copy of the foregoing response was sent this 6th day of February 2020 via first class, postage prepaid mail to:

Gordon B. Heyman
Alliant Legal Group
6 Reservoir Circle, Suite 203
Baltimore, MD 21208
Creditor's Counsel

Robert S. Thomas II
300 E. Joppa Rd, Suite 409
Towson, MD 21286
Chapter 13 Bankruptcy Trustee

Gerard Vetter
Office of the United States Trustee
101 West Lombard Street
Suite 2625
Baltimore, MD 21201
US Trustee

Jeffrey M. Sirody, Esq.
Jeffrey M. Sirody and Associates, P.A.
1777 Reisterstown Road Suite 360 E
Baltimore, MD 21208
Debtor' Attorney

Independent Mortgage Company, Inc.
1726 Reisterstown Road, Suite 209
Baltimore, MD 21208
Creditor

Elizabeth M. Pirzchalski
6130 Elston Shore Road
POB 505
Neavitt, MD 21652
Debtor

Steven C. Pirzchalski                  2/6/20

Exhibit 1



Account XXXXX█████ PIRZCHALSKI,CHES  Effect: 03/21/19 Post: 03/21/19 Tlr: 0507

| ID DUE DATE | PRINCIPAL | INTEREST | FEES | TRAN AMOUNT | SEQ |
|---|---|---|---|---|---|
| Withdrawal from SAVINGS | | | | | |
| 01 | 30,000.00- | 0.00 | 0.00 | 30,000.00 #████ | |

Check Disbursed          MARKO MORTGAGE COMPANY              30,000.00

Authorized by: _____

Purpose of check: SHARE WITHDRAWAL

Exhibit 2



first financial
CREDIT UNION

1215 YORK ROAD
LUTHERVILLE, MD 21093
PHONE 410.321.6060

OFFICIAL

DATE
04/05/18

$22,373.12

TWO THOUSAND THREE HUNDRED SEVENTY THREE DOLLARS AND 12 CENTS

FIRST FINANCIAL FEDERAL CREDIT UNION

JUNE M BLAIR   06-95
202 JANET CT
REISTERSTOWN, MD 21136

65-7767/2550

DATE 9-30-16

PAY TO
THE ORDER OF   Lapidus Investment                          $ 1393.01

One thousand three hundred ninty three 01/100                    DOLLARS

**First Financial**
FEDERAL CREDIT UNION
acct #
MEMO

For Deposit Only
Lapidus Investments LLLP



JUNE M BLAIR 06-95
202 JANET CT
REISTERSTOWN, MD 21136

65-7767/2550

DATE 9-30-16

PAY TO THE ORDER OF *Lapidus Investments LLLP*     $ 4629.13

*Four thousand six hundred twenty nine 13/100* DOLLARS

**First Financial**
FEDERAL CREDIT UNION

MEMO *acct #*

For Deposit Only
Lapidus Investments LLLP

Exhibit 6

```
                         I M C
                  1726 Reisterstown Rd
                      Suite 209
                  Baltimore, MD  21208
                    (410) 415-7100


                  LOAN WORKSHEET


July 03, 2019

STEVEN & ELIZABET PIRZCHALSKI
6130 ELSTON SHORE RD
NEWVITT MD   21652



LOANLEDGER loan number
Payoff date                            07/03/19
Paid through                           03/01/19
Maturity date                          06/01/30

Annual interest rate                   12.0000%
Daily interest rate                     0.0333%
Daily interest amount                    $21.08

Principal balance                    $63,234.19
Accrued interest                      $2,570.16

Accrued late charges                     $45.01
Returned check fee                        $0.00

Reserve                                   $0.00
Impound                                   $0.00

Prepayment penalty                        $0.00
Demand fees                               $0.00

Recording fee                           $150.00
Forwarding fee                            $0.00
Reconveyance fee                          $0.00

Foreclosure fee                           $0.00
Other fees                                $0.00
Impound Over/Short Balance                $0.00
                            --------------------------------

                  TOTAL DUE       $65,999.36
```

Exhibit 1



**KATHLEEN P. HYLAND**
(410) 777-8536 DIRECT
KAT@LAWHYLAND.COM

HYLAND LAW FIRM, LLC
16 E LOMBARD STREET, SUITE 400
BALTIMORE, MARYLAND 21202
(410) 777-5396 OFFICE
(410) 777-8237 FAX
WWW.LAWHYLAND.COM

CONFIDENTIAL – FOR SETTLEMENT PURPOSES ONLY

April 26, 2017

<u>SENT VIA U.S. MAIL AND ELECTRONIC MAIL TO: gheyman@alliantlegal.com</u>

Gordon B. Heyman
Alliant Legal Group, LLC
6 Reservoir Circle, Suite 203
Baltimore, MD 21208

RE:    *Independent Mortgage Company, Inc. v. Pirzchalski, et al.*
Case No. 24-O-16-00046, Circuit Court for Baltimore County

Dear Mr. Heyman,

This office represents Mr. Steven C. Pirzchalski in the above-captioned matter. The purpose of this letter is to attempt to resolve the pending foreclosure matter out-of-court.

In my review of this matter, it appears that Mr. Pirzchalski and his mother, Co-Defendant Elizabeth M. Pirzchalski, have defenses they have not yet raised. Most significantly, the Defendants contest the fact that Plaintiff has filed the instant lawsuit as though the property was "non-owner occupied." As the Plaintiff is aware, the property subject to this dispute, located at 237 Grindall Street, Baltimore, Maryland 21230, has been owner-occupied since November 1, 2015.

This status creates several important rights in a foreclosure action that the Plaintiff has ignored. Under Md. Code Ann., Real Prop. § 7-105.1, "owner-occupied residential property" means residential property in which at least one unit is occupied by an individual who: (i) Has an ownership interest in the property; and (ii) Uses the property as the individual's primary residence." For an owner-occupied residential property, the notice of intent to foreclose and the order to docket must include loss mitigation forms and options, enumerated in great detail under RP § 7-105.1, which then trigger the homeowner's rights to mediation. None of those requirements were met here. Because the Defendants' property is owner-occupied, the Plaintiff erred on January 1, 2016, when it filed the Petition for Immediate Foreclosure, and further when it represented to the Court that the owner-occupied status did not matter. *See Memorandum in Support,* p. 2. On this basis alone, the entire foreclosure action should be dismissed.

Based on our recent telephone conversation, I understand that the Plaintiff seeks to sidestep the issue of owner-occupied status by alleging that this case involves a commercial loan. The Defendants disagree with this assessment. First, under the Maryland Mortgage Lender Law, a commercial loan for $75,000 or less that is made in the name of an individual must include "independent evidence of commercial purpose" prior to the making or procurement of the loan. Here, the Plaintiff has not provided "independent evidence of commercial purpose," – and likely cannot – because the Defendants are consumers who obtained this mortgage for their own personal use. At best, the case file includes an assignment of future rent payments from Ms. Pirzchalski, which she signed simultaneously, not prior to, the making of the loan. This appears to be the only evidence of any allegedly commercial use.

Even the fact that the Pirzchalskis rented the property to tenants at the time they signed the Promissory Note does not establish a commercial purpose. In *Thompson v. JP Morgan Chase Bank, N.A.*, No. CIV. WDQ-13-1982, 2014 WL 4269060 (D. Md. Aug. 27, 2014), the Court found that homeowners who rented out their property at the time when they executed a Note were still arguably "consumers" under Maryland law. Like the Pirzchalskis, the Thompsons had leased out a second family property, but were not considered commercial landlords. Here, the Court will likely find that the Pirzchalskis are consumers in this dispute who should have been afforded basic protections. In addition, a Court decision of "consumer status" would also call into question whether the Plaintiff has lawfully abided by other relevant consumer statutes, such as licensing, in relation to both loan origination and debt collection, and the high initial loan fees.

In the interest of avoiding further time and expense litigating these issues in Court, Mr. Pirzchalski offers to make a payment of $50,000.00, in full and final resolution of this matter and exchange for dismissal of the foreclosure lawsuit with prejudice against both Defendants. This amount would cover the principal amount of the loan extended on their behalf to the Bankruptcy Trustee.

In addition, by way of this letter, we also request a full accounting for this loan, including all payments made on the Defendants' behalf and any monies allegedly owed.

Please advise on how your client wishes to proceed.

Sincerely,

Kathleen P. Hyland, Esq.

2